United States District Court
Southern District of Texas
FILED

MAY 0 7 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA, §
§
*versus* §  Civil Action B-00-159
§
Maria L. Limas §

## MOTION FOR SUMMARY JUDGMENT

United States of America ("United States") moves for summary judgment pursuant to Rule 56, FED.R.CIV.P.

1.    This Motion is supported by the Complaint, with the attached Certificate of Indebtedness, and the attached affidavits of a representative of the Department of Education and of J. Michael Weston.

2.    The following facts are undisputed:

a.    Subject matter jurisdiction arises under 28 U.S.C. § 1345.

b.    The United States, as guarantor, seeks repayment of federally insured student loan upon which Limas defaulted.

c.    On August 13, 1988, Limas executed a promissory note for a student loan. The promissory note is payable to Windsor Savings Bank. A true and correct copy of the promissory note is attached to the attached affidavit from the representative of the Department of Education. The annual interest rate is 9.07%.

d.    As shown by the Certificate of Indebtedness issued by the United States Department of Education attached to the Complaint, Limas currently owes the United States the following sums:

(1)    Principal:                                   $2,480.87

(2)    Current interest                             $900.42

(3)    Adminstrative, fees, costs, penalties        $0.00

(4)    Balance due as of September 20, 1999:        $3,381.29

(5)    Prejudgment interest accrues at 9.07% per annum, being $0.62  per day.

(6)    The current balance in 3A is after credits of          $652.00

e.    The United States also seeks to recover attorney's fees of $800.00

f.    The United States has demanded that Limas, pay the loan, but Limas failed to do so.

The United States has retained the undersigned to represent it in this matter and agreed to pay

for such services.

WHEREFORE, the United States requests that it be granted judgment against Maria L. Limas

as set forth above, plus costs of court.

Respectfully submitted

BENNETT, WESTON & LaJONE, P.C.

By: _____

J. Michael Weston
Texas Bar No. 21232100
SD Tex. No. 21538
Attorney in Charge
Charles I. Appler
Texas Bar No. 00788995
SD Tex. No. 23055
1750 Valley View Lane, Suite 120
Dallas, Texas  75234
Telephone: (214) 691-1776
FAX:  (214) 373-6810
Attorneys for the United States of America

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct of the foregoing was served upon all

counsel and/or parties of record, private parties are served by certified mail, return receipt requested,

and regular mail on this ___2nd___ day of ___May___, 2001.

_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *versus* | § | Civil Action B-00-159 |
| | § | |
| Maria L. Limas | § | |

## AFFIDAVIT

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, on this day personally appeared   J. Michael Weston, who upon being duly sworn by me did state and depose as follows:

1.    My name is J. Michael Weston. I am over the age of twenty-one years of age and am competent to give this Affidavit and have personal knowledge of the facts stated herein.

2.    I was licensed as an attorney by the State of Texas in 1975.  I have practiced law in the State of Texas since that time.  I am familiar with the instant action and have been involved in many similar cases in the past.  I am familiar with legal fees in the State of Texas for cases of this nature.

3.    I am familiar with the instant action and have been involved in many similar cases in the past.  In the course of my legal representation of clients, I have handled numerous collections cases for clients, and many of the cases, as in this case, involved suit for payment of a promissory note. Additionally, I am familiar with the collection of student loans on behalf of the United States of America.  I do not normally handle this type of litigation on behalf of clients, but were I to do so, I would charge a fee of between $250.00 and $300.00 per hour.

4.    Utilizing the factors found at Rule 1.04, Texas Disciplinary Rules of Professional Conduct, I note the following:

a.      This case is handled by our law firm on a contingency fee basis of 33.33% of all sums collected, principal and interest.

b.      The nature of the case, collections, is not novel but our firm and the undersigned have the experience and skill to handle such cases on a large volume throughout the State of Texas, and that experience and skill is not customary in the legal profession.  Additionally, our firm has developed an expertise for the handling of student loan collections, and this skill is not customary in the legal profession.

c.      The contingency fee of 33.33% is standard for collection matters such as the type presented to the Court in this instance.

d.      The fee actually paid to our firm is contingent upon the uncertainty of collection.  In fact, many debtors against whom we file suit on behalf our clients never pay any moneys, and we collect no fees for such matters.

e.      Based on the time expended on collection matters, the percentage of sums collected and the fees generated on a contingency fee basis, the fee sought in this as a contingency fee basis reflects the time and labor required in such a matter.

5.      Using the factors cited by the Texas Supreme Court in *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997, I note the following:

a.      the acceptance of representation of the United States as private counsel has involved receiving several thousand cases from the United States, and the work attendant to supervising, reviewing, filing, preparing pleadings and handling hearings and other matters has basically precluded the undersigned from representing any other clients on an active basis.

b.      The United States is seeking a judgment well in excess of three times of the attorney's fees sought in this motion.   Under our fee agreement with the United States and the customary contingency fee agreement on accounts of this type, which is one third, a requested attorney's fee normally would be on third of the sum sought to be recovered rounded down to the nearest $100.  A fee in that range, based on my experience, would be awarded by most Texas courts handling similar cases.  Considering the amount involved, the fact that we are only requesting a summary judgment at this time, I have reduced the requested attorney's fee.

c.      The time constraints placed upon our law firm to handle cases such as the instant case are significant in light of the volume of cases assigned to our firm and the requirement imposed by us by the United States to file cases and bring them to judgment as quickly as possible.

d.      Our firm has represented the United States for approximately since early 1999.

e.      The legal services involved are provided by the undersigned.  I have been practicing law since 1975.  Since 1990, I have probably caused to be filed and brought to conclusion in excess of 5,000 suits on notes throughout the State of Texas.  I believe that I have a reputation for handling this type of matter.  I am frequently requested to teach at seminars involving collection issues and have taught at several seminars.

5.      In the normal course of handling of a case, attorney time is reviewed preparatory to preparing a complaint, preparing the necessary documents to file suit in federal court, reviewing the answer received and reviewing the file again to determine both whether the defendant has raised any substantive issues that need to be addressed by the United States or for which discovery needs to be conducted, investigating the matters raised in defendant's answer, and preparing a motion for

summary judgment. The reasonable amount of attorney's time expended for such services would be five hours. Therefore, the "lodestar" attorney's fee in this case would be between $1,250.00 and $1,500.00. I respectfully submitted that such lodestar sum should be adjusted to reflect the amount of attorney's fees sought in paragraph six below, with the primary determinate, from my perspective, being the amount in dispute.

6.      Based upon the above factors, I believe a customary, necessary and reasonable attorney's fee in this action is $800.00.



SWORN AND SUBSCRIBED to on April 30, 2001.

Notary Public in and for the
State of Texas

My Commission Expires:

DIANA S. BRADLEY
MY COMMISSION EXPIRES
February 3, 2005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *versus* | § | Civil Action B-00-159 |
| | § | |
| Maria L. Limas | § | |

AFFIDAVIT REGARDING ACCOUNT

STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

Before me on this day personally appeared ⎯Janet Nori⎯, who upon being duly sworn did state as follows:

My name is Janet Nori. I am over the age of twenty one years and am competent to give this affidavit.

2.      I am employed as a loan analyst of the United States Department of Education and have personal knowledge of the facts stated in this Affidavit. I am a custodian of the documents of the United States Department of Education related to Maria L. Limas.

3.      I have reviewed Ms. Limas' file and have determined that Ms. Limas received credit for all offset of tax refunds made for this subject account. Specifically, I found that $652.00 was offset and credited against Ms. Limas' obligations, that $2,271.00 was offset on February 12, 1999, but that the money was refunded on May 17, 1999 under a wrongful spouse claim. Ms. Limas was also given credit for payments of $760.00. To my knowledge, Ms. Limas has received all credits due to her for offsets and payments made.

3.      Additionally, Ms. Limas submitted a sworn statement requesting a discharge due to the closure of the school attended by Ms. Limas. After investigation, the United States Department

of Education determined that Ms. Limas did not qualify for the discharge.  Attached is a true and correct copy of the April 13, 2001 letter sent to Ms. Limas with the Department's decision and the reasons for the decision.

4       Attached are true and correct copy of the promissory note signed by Ms. Limas.  The only difference between the copies attached hereto and the original note is the unsworn declaration under perjury contained on the second page of the note executed by a representative of the United States Department of Education.



Janet Rои

Sworn and subscribed to this /st day of May 2001.

Joan Dyer
Notary Public for the State of California

My commission expires:
6/10/01

JOAN F. DYER
Comm. #1141641
NOTARY PUBLIC - CALIFORNIA
City & County of San Francisco
Comm. Exp. June 10. 2001

# TGSLC TEXAS GUARANTEED STUDENT LOAN APPLICATION AND PROMISSORY NOTE

**WARNING:** ANY PERSON WHO KNOWINGLY MAKES A FALSE MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 U.S.C. 1097

## SECTION I - TO BE COMPLETED BY STUDENT BORROWER — Type or print clearly with a ball-point pen. Read the instructions carefully.

1. Social Security Number: 467 96 0987
2. Last Name: Limas    First Name: Maria    MI: L    3. Birth Date Mo/Day/Yr: 06 15 49
4. State of Permanent Residence: TX  Since: 1979   5. Permanent Home Address — Street: 3509 Three Sisters   City: Houston   State: Texas   Zip Code: 77093
6. Home Area Code/Phone Number: (713) 449 2825
7. Driver's License Number: None   State:
8. U.S. Citizenship Status: ☒ (a) U.S. Citizen or National  ☐ (b) Eligible Noncitizen   Alien I.D.:
9. Are you in default on any educational loan or do you owe a refund on a grant? ☐ Yes ☐ No
10. Prior to the school year for which this loan is intended, have you ever been enrolled in any school beyond the high school level? ☒ Yes ☐ No
11. Intended Enrollment (You must enroll at least half-time to be eligible): ☒ Full-time ☐ At least half-time ☐ Less than half-time
12a. Requested Loan Amount (Enter in Note below): $ 2,625
12b. What period do you want this loan to cover? From: Mo/Yr 02 88  To: Mo/Yr 02 89
13. Do you have any outstanding guaranteed student loans that are NOT guaranteed by the TEXAS GUARANTEED STUDENT LOAN CORPORATION? ☐ Yes ☒ No (See instructions. If "Yes," list below (DO NOT INCLUDE NDSL or HEAL) If "No," write "None".)

| Name of Lender | City and State of Lender | Loan Period From: Mo/Yr | To: Mo/Yr | Unpaid Balance | Interest Rate |
|---|---|---|---|---|---|
| None | | | | | |

14. (Parent/Guardian (Circle one))
Name: Mr. Dolores Flores   Address: 3500 Gantic   City, State, Zip: Houston, TX 77093   Phone: (None)   Employer: Unemployed

Relative, Friend or Separated Parent (Circle one)
Name: Mr. Leo Tijo   Address: 1201 Knight   City, State, Zip: Aragh, TX 77093   Phone: (713) 697-4648   Employer: Self-employed

Other Relative or Friend (Circle one)
Name: Mr. Hiner Ramos   Address: 1416 Channel   City, State, Zip: Houston, TX 77003   Phone: (713) 449-1960   Employer: City of Houston

15. While in school, you intend to live (check one): ☐ With parents ☐ On campus ☒ Off campus
16. Major Course of Study: Word Processing
17. Total Number of Borrower's Dependents: Number: 04   List Ages: 32, 28, 10, 9

## PROMISSORY NOTE FOR A TEXAS GUARANTEED STUDENT LOAN

A. I PROMISE TO PAY to you or your order when this Note becomes due as set forth in Paragraph B the sum of $ 2,625.00

Requested Loan Amount – Should be the same as item 12a.

Five Thousand Six Hundred Twenty Five

to the extent that it is advanced to me, plus simple interest as set forth in Paragraph C and any other charges which may become due as set forth in Paragraph B. All payments will be made to your address as indicated in my Disclosure Statement, or to any other address you notify me of.

I understand that by accepting the proceeds of this loan I am agreeing to repay the sum advanced to me including guarantee and origination fees under the terms and conditions of this Promissory Note and the Notice of Loan Guarantee and Disclosure Statement. I further understand and agree that if the sum in the Notice of Loan Guarantee and Disclosure Statement is less than the sum stated in this Note then I am obligated to repay the sum stated in the Notice of Loan Guarantee and Disclosure Statement.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN IT BEFORE I READ IT, INCLUDING THE WRITING ON ITS REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I WILL NOT SIGN THIS NOTE IF SECTION I OF MY APPLICATION CONTAINS ANY BLANK ITEMS. I AM ENTITLED TO KEEP AN EXACT COPY OF THIS APPLICATION AND PROMISSORY NOTE. I AM ALSO ENTITLED TO KEEP AN EXACT COPY OF THE DISCLOSURE STATEMENT TO BE ISSUED TO ME BEFORE I ACCEPT MY LOAN CHECK. BY SIGNING THIS NOTE, I ACKNOWLEDGE THAT SECTION I OF MY APPLICATION AND PROMISSORY NOTE CONTAINS NO BLANK ITEMS AND THAT I HAVE KEPT AN EXACT COPY OF MY APPLICATION AND PROMISSORY NOTE COMPLETED THROUGH SECTION I. BY SIGNING THIS NOTE, I CERTIFY THAT I HAVE READ, UNDERSTAND, AND AGREED TO THE BORROWER CERTIFICATION ON ITS REVERSE SIDE.

x Maria L. Limas   Signature of Borrower   8-13-88 Mo/Day/Yr

## SECTION II - TO BE COMPLETED BY SCHOOL

22. Name of School: Elkins Institute   23. Address: 4151 Southwest Frwy, Suite 240
24. City: Houston   State: Texas   Zip Code: 77027   25. Area Code/Telephone Number: (713) 759-9292
26. School Code: 021 96 03
27. Loan Period Mo/Day/Yr From: 02 15 88   To: 02 10 89
28. Anticipated Graduation Date Mo/Yr: 02 89
29. Borrower Grade Level: 1
30. Dependency Status: ☐ Dependent ☒ Independent
31. Estimated Cost of Education for Loan Period: $ 7771
32. Estimated Financial Aid for Loan Period: $ 1467
32a. Expected Family Contribution: $ -0-
33. Difference (Item 31 minus Items 32 and 32a): $ 6,304
33a. Adjusted Gross Income: $ 6,680
34. My signature below certifies that I have read and agreed to the "School Certification" on the back of the school copy.
Lindon Owens   Signature of Authorized Financial Aid Administrator
Linda Owens Financial Aid Officer   35. Print or Type Name and Title   36. Mo/Day/Yr

## SECTION III - TO BE COMPLETED BY LENDER

37. Name of Lender: Frandlon Savings Bank
38. Area Code/Telephone Number:
39. Address:   City:   State:   Zip Code:
40. Lender Code: 831070
41. Lender Approval Date: 1989
42. Disbursement 1 Mo/Day/Yr: $
43. Disbursement 2 Mo/Day/Yr: $
44. Disbursement 3 Mo/Day/Yr: $
45. Disbursement 4 Mo/Day/Yr: $
46. Signature of Authorized Lending Official: G. Guerrero by KAC
47. Print or Type Name and Title:
48. Mo/Day/Yr: 8/22/88

RECEIVED

BORROWER: TERMS OF PROMISSORY NOTE CONTINUE ON REVERSE SIDE   COPY A – LENDER: LENDER RETAINS THIS ORIGINAL COPY   Form 4-04-A-221

EXHIBIT A

# PROMISSORY NOTE(CONTINUED)

AMERITRUST TEXAS, NATIONAL ASSOCIATION, Custodian   MAY 1 1990   By

## BORROWER CERTIFICATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA,　　　§
　　　　　　　　　　　　　　　　　§
*versus*　　　　　　　　　　　　　§　　　　Civil Action B-00-159
　　　　　　　　　　　　　　　　　§
Maria L. Limas　　　　　　　　　§

SUMMARY JUDGMENT

On motion of the United States it is adjudged that the United States of America recover from

Maria L. Limas

     A.     Principal of $3,381.29, plus

     B.     Prejudgment interest from September 20, 1999, at the rate $0.62 per day until the

           date of judgment, plus

     C.     Attorney's fees of $800.00 and all costs of court, plus

     D.     Post-judgment interest at _____% per annum.

Signed _____, 2001.


                            _____
                               United States District Judge